UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Arnold Parson, Jr., | C/A No. 4:17-cv-00708-RBH-KDW |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| | (for partial summary dismissal) |
| Darren Miles; Buddy Collins; Elista H. Smith; John Q. Atkinson, Jr.; Thomas E. Shaw; Allen W. Floyd; Milton W. Troy, II; Tim Harper; Danny Lee Herring; John Doe 1-18; Jane Doe 1-2; County of Marion, and Oscar Foxworth, | |
| Defendants. | |

This is a civil action filed by a pro se litigant requesting to proceed *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.  Factual Background

Arnold Parson, Jr. ("Plaintiff") is a resident of Marion County, South Carolina. In his operative Second Amended Complaint, ECF No. 24, Plaintiff alleges that, on November 2, 2015, he was subjected to excessive force and unreasonable property loss by members of the Marion County "Special Opts" law-enforcement organization and by individuals associated with a private company owned by Defendant Danny Lee Herring who were allowed on his property after he was seized and transported to the Marion County Jail. *Id*. at 9. Plaintiff asserts that his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated by the allegedly warrantless search and seizure and overnight detention and by the damage to his personal

property that resulted during his detention. He also alleges that the Special Opts officers were not properly trained. *Id*. at 12. Plaintiff requests declaratory relief and damages. *Id*. at 18-19.

Plaintiff names many Defendants, including numerous John and Jane Does and several persons whom he describes as members of the Marion County Council and an administrator (Collins, Smith, Atkinson, Foxworth, Shaw, Floyd, Troy, and Harper), each of whom he alleges was not "directly involved in tort violations" and each of whom he alleges to have been named as parties "in order to comply with procedure to make service on the county . . . ." *Id*. at 6-7. There are no allegations of wrongdoing against Defendants Collins, Smith, Atkinson, Foxworth, Shaw, Floyd, Troy, or Harper.

II.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under this less stringent standard, however, the pro se Complaint under review in this case is subject to partial summary dismissal.

III.     Discussion

The Complaint is subject to partial summary dismissal as to Defendants Collins, Smith, Atkinson, Foxworth, Shaw, Floyd, Troy, and Harper because, following a careful review of the operative Second Amended Complaint, it contains no allegations of wrongdoing by these Defendants. Rather, Plaintiff explicitly admits that these Defendants were not involved in the events that form the basis for his claims and states that they are only "nominally listed." ECF No. 24 at 6-7. Plaintiff provides no legal authority for his assertion that county council members and administrators must be named as defendants in order to effect service of process on Defendant Marion County, nor is this court is aware of any such authority. Therefore, these Defendants need not be "nominally listed" in the absence of any alleged personal involvement on their parts in the events giving rise to Plaintiff's claims.

Under the provisions of 28 U.S.C. § 1915(e)(2)(B), this court should dismiss an action filed by a pro se litigant proceeding *in forma pauperis*, if the action is "frivolous" or "fails to state a claim on which relief may be granted." Because there are no allegations of any wrongdoing by Defendants Collins, Smith, Atkinson, Foxworth, Shaw, Floyd, Troy, or Harper, Plaintiff's Complaint fails to state a claim on which relief can be granted as to these Defendants. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, No. 3:14CV372-HEH, 2014 WL 4072212 (E.D. Va. Aug. 14, 2014) (complaint subject to summary dismissal where no factual allegations against named defendants within the body of the pleading); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994); *Walker v. Hodge*, 4 F.3d 991, * 2 n. 2 (5th Cir. 1993); *Banks v. Scott*, 3:13CV363, 2014 WL 5430987, at *2 (E.D. Va. Oct. 24, 2014). In absence of substantive allegations of wrongdoing against a named defendant, there is nothing from which this court can liberally construe any type of plausible cause of action arising from the Complaint against him. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 n.2 (dismissal proper where there were no allegations to support claim).

Furthermore, that Defendants Collins, Smith, Atkinson, Foxworth, Shaw, Floyd, Troy, and Harper are elected officials and/or an administrator in Marion County does not substitute for the lack of substantive allegations of wrongdoing by them because their positions with the County are not, alone, a basis on which to hold them liable to Plaintiff for the alleged

4

wrongdoing of members of Marion County law enforcement. To assert a plausible constitutional-violation claim against any particular public official under 42 U.S.C. § 1983,[1] a plaintiff's allegations must show a causal connection or affirmative link between the conduct of which the plaintiff complains and the official sued. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As previously noted, however, Plaintiff explicitly acknowledges that these Defendants were in no way personally involved in the search and seizure and property loss that form the basis for Plaintiff's Complaint. As a result, they are not proper parties to this case and the Complaint should be dismissed insofar as they are listed as Defendants.

IV.     Recommendation

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case *without prejudice* as to Defendants Collins, Smith, Atkinson, Foxworth, Shaw, Floyd,

---

[1] Plaintiff's claims for declaratory relief and damages allegedly arising from actions by county officials and employees in South Carolina are properly considered by this court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist*., 491 U.S. 701, 731-32 (1989). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). Plaintiff also asserts that he is raising claims under 42 U.S.C. §§ 1985, 1986, 1986, and 1988. ECF No. 24 at 5.

Troy, and Harper. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25. The Complaint is being served on the remaining Defendants.

    IT IS SO RECOMMENDED.

*[signature]*

May 26, 2017                                                                      Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).