UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Arnold Parson, Jr., ) | Civil Action No.: 4:17-cv-00708-RBH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Darren Miles, Buddy Collins, Elista H. ) | |
| Smith, John Q. Atkinson, Jr., Thomas E. ) | |
| Shaw, Allen W. Floyd, Milton W. Troy, II, ) | |
| Tim Harper, Danny Lee Herring, John ) | |
| Doe 1–18, Jane Doe 1–2, County of Marion, ) | |
| and Oscar Foxworth, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Arnold Parson, Jr., proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against the above-captioned Defendants. The matter is before the Court for resolution of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina.[1]  *See* R & R [ECF No. 29]; Pl.'s Objs. [ECF No. 34].

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept,

---

[1] The Magistrate Judge reviewed Plaintiff's Second Amended Complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## Discussion

The Magistrate Judge recommends that the Court summarily dismiss Defendants Collins, Smith, Atkinson, Foxworth, Shaw, Floyd, Troy, and Harper without prejudice because Plaintiff's Second Amended Complaint contains no substantive allegations of wrongdoing by these defendants. R & R at 2–5; *see* ECF No. 24 [complaint]. Plaintiff objects only to the dismissal of Defendant Harper, arguing Harper must be a named party in order for service to be perfected on Defendant Marion County (on which service has been authorized). Pl.'s Objs. at 1–2. Plaintiff indicates Harper is the Chief Administrative Officer of Marion County. *Id.* Plaintiff also states he "reserves the right to adjoin and serve the Clerk Sabrina Davis as proper party to receive service of process for the County of Marion in accords with Fed. R. Civ. P. 4(d)(6)."[2] *Id.* at 2.

---

[2] The Court notes there is no Rule "4(d)(6)" in the Federal Rules of Civil Procedure. Plaintiff may be referring to Rule 4(d)(6) of the South Carolina Rules of Civil Procedure—which governs service on governmental subdivisions such as counties—but that state rule does not apply to this federal action.

2

The Court readily disposes of Plaintiff's objections. As the Magistrate Judge explains, county officials such as Defendant Harper do not need to be "named as defendants in order to effect service of process on Defendant Marion County." R & R at 3. In other words, Marion County can be served without Harper (or Davis) being a named defendant. Regardless, Plaintiff's arguments are moot because the Magistrate Judge authorized service of process on Marion County,[3] the Clerk issued a summons for Marion County to be served by the U.S. Marshal, and Marion County responded to Plaintiff's Second Amended Complaint by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF Nos. 28, 31, & 36. Thus, it is apparent that Defendant Marion County has been served.

## Conclusion

The Court has thoroughly reviewed the entire record, including Plaintiff's Second Amended Complaint, the R & R, and Plaintiff's objections. For the foregoing reasons, the Court overrules Plaintiff's objections, adopts and incorporates the R & R [ECF No. 29] by reference, and **DISMISSES** Defendants Collins, Smith, Atkinson, Foxworth, Shaw, Floyd, Troy, and Harper *without prejudice and without issuance and service of process*. The Court recommits this case to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
June 22, 2017  R. Bryan Harwell
  United States District Judge

---

[3] The Magistrate Judge also authorized service on Defendants Miles, Herring, John Doe 1–18, and Jane Doe 1–2. *See* ECF Nos. 28 & 31.