UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Arnold Parson, Jr., ) | Civil Action No.: 4:17-cv-00708-RBH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Darren Miles, Danny Lee Herring, ) | |
| John Doe 1–18, Jane Doe 1–2, and ) | |
| County of Marion, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Arnold Parson, Jr., proceeding pro se, filed this action in this Court pursuant to 42 U.S.C. § 1983 against the above-captioned Defendants. The matter is before the Court for consideration of the parties' objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends (1) granting the motion to dismiss filed by Defendant Danny Lee Herring and (2) granting in part and denying in part the motion to dismiss filed by Defendants Darren Miles, John Doe 1–18, Jane Doe 1–2, and the County of Marion.[1] *See* ECF Nos. 95, 102, & 103.

**Legal Standards**

**I.      Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept,

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II. Federal Rule of Civil Procedure 12(b)(1)

> When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.

*Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (internal citations omitted); *see also Balfour Beatty Infrastructure, Inc. v. Mayor & City Council of Baltimore*, 855 F.3d 247, 251 (4th Cir. 2017) ("A Rule 12(b)(1) motion to dismiss should be granted only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as

2

a matter of law." (internal quotation marks omitted)).

## III. Federal Rule of Civil Procedure 12(b)(6)

>It is established that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). [The Fourth Circuit] ha[s] recognized that "facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570). In assessing the sufficiency of a complaint, [a court must] assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. *Id.* at 253. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft "to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility'" of that which is alleged. *Id.* at 256 (quoting *Iqbal*, 556 U.S. at 679).

*Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017). When considering a Rule 12(b)(6) motion, a court "may properly take judicial notice of matters of public record." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## Discussion[2]

**In 2013**, the special referee for Marion County entered an order and judgment of foreclosure and sale for property located at 3546 Quail Roost Road in Mullins, South Carolina; the order identified Plaintiff Arnold Parson, Jr. as one of the defendants in the foreclosure action. *See* ECF Nos. 45-1, 45-2, 45-3. **In 2014 and 2015**, the South Carolina Court of Appeals and the South Carolina Supreme Court

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

3

rejected Plaintiff's appeal of the foreclosure action. *See* ECF Nos. 45-4 & 45-5. Also **in 2014 and 2015**, the special referee issued a writ of assistance identifying Plaintiff and the 3546 Quail Roost Road property and commanding the Sheriff of Marion County to "go to and enter upon said land and . . . eject and remove [Plaintiff]" and "all personal property of [Plaintiff]." *See* ECF Nos. 45-6, 45-7, 45-8, 45-9, & 45-10. Plaintiff was served with a copy of the writ of assistance on **October 1, 2015**. *See* ECF No. 45-10. **On October 30, 2015**, Plaintiff appealed the writ of assistance, and both the South Carolina Court of Appeals and the South Carolina Supreme Court rejected the appeal.[3] *See* ECF No. 45-11; *see also* ECF No. 103-2 at pp. 1–5. **On November 2, 2015**, the Marion County Sheriff's Office executed the writ of assistance at Plaintiff's residence at 3546 Quail Roost Road, and Plaintiff was arrested.[4] *See* ECF Nos. 49-2 & 49-3.

Then, **on March 15, 2017**, Plaintiff filed this § 1983 action in this Court alleging his constitutional rights were violated when "Marion County Special Opts Officers" unlawfully entered his property at 3546 Quail Roost Road **on November 2, 2015** (during a state of emergency), searched his house, arrested him with excessive force, took him to jail, and caused his family's personal belongings to be destroyed. *See* ECF No. 1; Second Amended Complaint [ECF No. 24].[5] Plaintiff sues the following Defendants: Danny Lee Herring, Darren Miles, Marion County, as well as John Does 1–18 and Jane Does 1–2 ("the Doe Defendants"). Plaintiff alleges that Defendant Herring is the owner of

---

[3] Plaintiff also filed a motion for relief in the Marion County circuit court and sent this motion and other documents to the Marion County Sheriff's Office in October 2015. *See* ECF Nos. 103-1, 103-3, & 103-5.

[4] Plaintiff apparently was arrested on charges of trespassing and breach of peace. *See* ECF Nos. 49-2, 49-3, 103-7, & 107-1. Plaintiff has submitted documents indicating these charges were dismissed by court orders. *See* ECF Nos. 49-3 & 103-7; *see also* ECF No. 104 (electronic flash drive that contains an audio recording of a hearing before a Marion County magistrate judge).

[5] As the Magistrate Judge correctly notes, Plaintiff's Second Amended Complaint is the operative pleading. *See* R & R at p. 2. The Second Amended Complaint does not reference the foreclosure action or writ of assistance.

4

a construction company, that Defendant Miles is the "Lieutenant for [the] Marion County Special Opts Unit," and that the Doe Defendants are "unknown Marion County Special Opts Officers." *See* Sec. Am. Compl. at ¶¶ 5, 15–16.

Defendant Herring has filed a motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure and has submitted court documents from the state foreclosure proceedings, and Defendants Miles, Marion County, and the Does (collectively, "the Remaining Defendants") have filed a motion to dismiss pursuant to Rule 12(b)(6). *See* ECF Nos. 36 & 45. Plaintiff has filed responses in opposition to both motions and has submitted documents related to his November 2, 2015 arrest. *See* ECF Nos. 49, 77, 84, & 85. The Magistrate Judge has entered an R & R recommending that the Court grant Defendant Herring's motion and that the Court grant in part and deny in part the Remaining Defendants' motion. *See* R & R [ECF No. 95] at p. 22. The Remaining Defendants and Plaintiff have filed objections to the R & R, and Plaintiff has filed a reply to the Remaining Defendants' objections. *See* ECF Nos. 102, 103, 104, & 107.

**I.     Defendant Herring's Motion to Dismiss**

The Magistrate Judge recommends granting Defendant Herring's motion to dismiss filed pursuant to Rule 12(b)(1) and Rule 12(b)(6) because (1) the *Rooker-Feldman*[6] doctrine bars all of Plaintiff's federal claims except his § 1983 excessive force claim, and (2) Plaintiff's excessive force claim fails to allege specific facts concerning Defendant Herring's actions during the course of his arrest. *See* R & R at pp. 9–17. Thus, the Magistrate Judge recommends dismissing Defendant Herring

---

[6]     *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). "The *Rooker-Feldman* doctrine followed from Congress' careful assignment of federal subject matter jurisdiction, allocating *original* jurisdiction to the district courts in, for example, 28 U.S.C. § 1330(a) (actions against foreign states), § 1331 (federal question jurisdiction), and § 1332(a) (diversity jurisdiction), while allocating *appellate* jurisdiction over final state court judgments to the Supreme Court in § 1257(a)." *Thana v. Bd. of License Comm'rs for Charles Cty., Md.*, 827 F.3d 314, 318–19 (4th Cir. 2016).

from this case. *Id.* at p. 17. Plaintiff objects to the Magistrate Judge's recommendation. *See* Pl.'s Objs. [ECF No. 103] at pp. 2–8.[7]

First, Plaintiff argues the Magistrate Judge erroneously relied on "matters outside the pleadings" to address Defendant Herring's motion to dismiss.[8] *See* Pl.'s Objs. at pp. 2–7. The Court rejects Plaintiff's argument because the Magistrate Judge simply took judicial notice of the records from the state court foreclosure proceedings involving Plaintiff's property located at 3546 Quail Roost Road in Mullins, South Carolina—the same property involved in this lawsuit. Such judicial notice is proper "at any stage of the proceeding," Fed. R. Evid. 201(d), including on a motion to dismiss under Rule 12(b)(1) (lack of subject matter jurisdiction) or Rule 12(b)(6) (failure to state a claim). *See Philips*, 572 F.3d at 180 (judicial notice on a Rule 12(b)(6) motion); *Richmond*, 945 F.2d at 768 (recognizing a court may address a Rule 12(b)(1) motion by "consider[ing] evidence outside the pleadings without converting the proceeding to one for summary judgment"). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue[.]"); *see, e.g.*, *Pena v. HSBC Bank USA, Nat. Ass'n*, 633 F. App'x 580 (4th Cir. 2015) (taking judicial notice of foreclosure proceedings on a Rule 12(b)(6) motion); *McGhie v. Headen*, 2018 WL 1020132, at *2 (W.D.N.C. Feb. 22, 2018) (same). In other words, the Magistrate Judge did not improperly convert Defendant Herring's motion to dismiss to one for summary judgment by judicially noticing the state court foreclosure records.

---

[7] Defendant Herring has not filed objections to the R & R.

[8] Plaintiff cites and relies upon Federal Rule of Civil Procedure 12(d), which provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Second, Plaintiff challenges the Magistrate Judge's application of the *Rooker-Feldman* doctrine. *See* Pl.'s Objs. at pp. 2, 7–8. The *Rooker-Feldman* doctrine is "jurisdictional," *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003), and it precludes "'lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments.'" *Thana*, 827 F.3d at 319 (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). The doctrine is "narrow and focused," *id.*, and "confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lance*, 546 U.S. at 464 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "Thus, if a plaintiff in federal court does not seek review of the state court judgment itself but instead '*presents an independent claim*, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court.'" *Thana*, 827 F.3d at 320 (internal quotation marks omitted).

Here, Plaintiff alleges that on November 2, 2015, Marion County officials unlawfully entered his property located at 3546 Quail Roost Road and proceeded to violate his constitutional rights. *See* Sec. Am. Compl. at ¶ 1. However, before Plaintiff filed this federal lawsuit, a state court foreclosure judgment and writ of assistance had long since been issued (and unsuccessfully appealed from), and the special referee had commanded the Sheriff of Marion County to execute the judgment by ejecting and removing Plaintiff and his personal property from the premises at 3546 Quail Roost Road. While Plaintiff does not explicitly seek reversal of the foreclosure proceedings, he implicitly asks this federal Court to review and reject the state court proceedings given that he seeks a declaration that his constitutional rights were violated when he was forcibly ejected from his home as well as compensation for the allegedly unconstitutional actions. Plaintiff effectively asks the Court to nullify the state court

foreclosure judgment. The *Rooker-Feldman* doctrine prohibits such federal action, and therefore the Court agrees with the Magistrate Judge that subject matter jurisdiction is lacking for all of Plaintiff's federal claims except his § 1983 excessive force claim (which presents an independent claim that does not call into question the validity of the state court foreclosure judgment or writ of assistance, *see Thana*, 827 F.3d at 320–22). *See, e.g.*, *McGhie*, 2018 WL 1020132, at *1 (involving a "[c]omplaint alleg[ing] an improper seizure by the sheriff" and finding the *Rooker-Feldman* doctrine applied because "[w]hile Plaintiff does not explicitly ask the Court to reverse the foreclosure proceedings, he is asking for compensation deriving from those actions"); *Parker v. Spencer*, No. 4:13-CV-00430-RBH, 2015 WL 3870277 (D.S.C. June 23, 2015) (finding the *Rooker-Feldman* doctrine precluded federal review of a state court foreclosure proceeding).[9]

Finally, the Court notes Plaintiff does not specifically object to the Magistrate Judge's conclusion that his § 1983 excessive force claim fails to allege specific facts pertaining to Defendant Herring, and therefore Rule 12(b)(6) dismissal is warranted for this claim. *See Diamond*, 416 F.3d at 315 (stating a district court need only review the record for clear error in the absence of a specific objection to the R & R). The Court agrees with the Magistrate Judge's conclusion that Defendant Herring should be dismissed from this case because no federal claims remain against him.

The Court will grant Defendant Herring's motion to dismiss.

## II.   The Remaining Defendants' Motion to Dismiss

The Magistrate Judge recommends granting in part and denying in part the Remaining

---

[9]   As the Magistrate Judge explains, the fact that Plaintiff alleges violations of 42 U.S.C. § 1983 does not overcome the constraints of the *Rooker–Feldman* doctrine (except for his § 1983 excessive force claim, which does not call into question the validity of the state court foreclosure judgment or writ of assistance). *See* R & R at p. 13; *see, e.g.*, *Shooting Point, L.L.C. v. Cwinning*, 368 F.3d 379, 385 (4th Cir. 2004) (dismissing § 1983 claims based on the *Rooker-Feldman* doctrine).

Defendants' motion to dismiss filed pursuant to Rule 12(b)(6). *See* R & R at pp. 17–22. Specifically, the Magistrate Judge recommends (1) dismissing Plaintiff's official capacity claims on Eleventh Amendment immunity grounds, (2) dismissing Defendant Marion County because the Marion County Sheriff and deputy sheriffs are state (not county) officials, (3) not dismissing Plaintiff's § 1983 excessive force claim asserted against Defendant Miles and the Doe Defendants in their individual capacities, and (4) not dismissing Plaintiff's state law claims asserted against Defendant Miles and the Doe Defendants at this stage of the litigation. *Id.* The Remaining Defendants and Plaintiff have filed objections, and Plaintiff has filed a reply to the Remaining Defendants' objections. *See* ECF Nos. 102, 103, 104, & 107.

### A. Remaining Defendants' Objections

The Remaining Defendants present three objections to the R & R. First, they argue the Magistrate Judge erred by concluding the South Carolina Tort Claims Act[10] is inapplicable to Plaintiff's state law claims. *See* Rem. Defs.' Objs. [ECF No. 102] at pp. 1–3. Second, they argue the Magistrate Judge erred by concluding that Plaintiff's state law claims should not be dismissed despite the prior order of the special referee. *Id.* at pp. 3–4.

On pages 21 and 22 of the R & R, the Magistrate Judge identified Plaintiff's state law claims and recommended they not be dismissed at this time.[11] However, the Court notes all these claims would

---

[10] S.C. Code Ann. §§ 15–78–10 *et seq.*

[11] The Magistrate Judge summarizes Plaintiff's state law claims as follows: "Outside of his federal claims, Plaintiff brings causes of action for Defendants' violations of certain sections of the South Carolina Constitution; false arrest and unlawful imprisonment in violation of section 22–5–140 of the South Carolina Code; and 'illegal acts during a state of emergency' in violation of section 16–7–10 of the South Carolina Code." R & R at p. 21 (citing Sec. Am. Compl. at ¶¶ 71–79, which is labeled "Pendant Cause of Action"). Plaintiff does not object to the Magistrate Judge's interpretation of his state law claims, and the Court discerns no clear error in the Magistrate Judge's interpretation of them. Notably, Plaintiff has ***not*** alleged state law claims for assault and battery.

9

call into question the validity of the state foreclosure judgment and writ of assistance, and therefore the Court lacks subject matter jurisdiction over them pursuant to the *Rooker-Feldman* doctrine. *See Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002) (recognizing "the *Rooker-Feldman* doctrine is jurisdictional" and a court is "obliged to address it before proceeding further in [its] analysis"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the Remaining Defendants did not move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) or the *Rooker-Feldman* doctrine in their motion, they do reference "the prior [o]rder of the [s]pecial [r]eferee" in their objections.[12] *See* Rem. Defs.' Objs. at p. 3. Moreover, the *Rooker-Feldman* doctrine is jurisdictional and therefore the Court may raise it *sua sponte* in addressing Plaintiff's claims against the Remaining Defendants. *See Friedman's*, 290 F.3d at 195 (citing *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 197 n.5 (4th Cir. 1997)). Because the Court finds it lacks subject matter jurisdiction over Plaintiff's state law claims based on the *Rooker-Feldman* doctrine, the Court need not reach the Remaining Defendants' argument concerning the applicability of the South Carolina Tort Claims Act.[13] Accordingly, the Court will dismiss Plaintiff's state law claims for lack of subject matter jurisdiction and modify the R & R to reflect that fact.

Finally, the Remaining Defendants assert the Magistrate Judge erred by not dismissing

---

[12] Plaintiff has addressed the *Rooker-Feldman* doctrine in his filings.

[13] The Court notes Plaintiff filed this action in this federal Court (this action was not removed from state court). The South Carolina Tort Claims Act specifies that it is ***not*** "a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina." S.C. Code Ann. § 15–78–20(e). Thus, "[s]uits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina." *Smith v. Ozmint*, 394 F. Supp. 2d 787, 791 (D.S.C. 2005) (citing S.C. Code Ann. § 15–78–20(e)).

Plaintiff's § 1983 excessive force claim pursuant to Rule 12(b)(6). *See* Rem. Defs.' Objs. at pp. 4–5. The Remaining Defendants argue that probable cause supported Plaintiff's arrest and that his temporary detention was not constitutionally unreasonable. *See id.* However, the claim identified by the Magistrate Judge is ***not*** a claim for unlawful seizure but is instead a claim for ***excessive force***.[14] To state an excessive force claim under the Fourth Amendment, a plaintiff must show that he was seized and that the force used was objectively unreasonable. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (explaining the "constitutional standard [that] governs a free citizen's claim that law enforcement officials used excessive force in the course of making an arrest"); *E.W. by & through T.W. v. Dolgos*, 884 F.3d 172 (4th Cir. 2018) (excessive force claim involving handcuffing). Probable cause and the length of detention are not at issue for this claim, as both the R & R and Plaintiff's Second Amended Complaint make clear that the excessive force claim relates to how Plaintiff was handcuffed during his arrest. Specifically, Plaintiff alleges that while being transported to jail, the handcuffs were "extremely tight" and "so tight [that] sharp pains ran from his hand to his shoulder causing him to shake"; that after being released from jail, he went to the hospital because he was in pain and could barely move his right index finger and had X-rays taken of his wrist and hand, which "still bare [*sic*] the scar of the handcuffs"; that doctors told him his hand was swollen from his index finger to his wrist, there was possible nerve damage, and an MRI was needed; and that "doctors prescribed pain medication." *See* Sec. Am. Compl. at ¶¶ 32–33, 40–41. Plaintiff sufficiently alleges a plausible § 1983 excessive force

---

[14] Both the Magistrate Judge and this Court are mindful that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Plaintiff's pro se Second Amended Complaint requires such liberal construction.

claim,[15] *see Graham*, 490 U.S. at 395, and therefore the Court cannot dismiss this claim under Rule 12(b)(6).

### B. Plaintiff's Objections

In his objections, Plaintiff appears to challenge the Magistrate Judge's finding that Defendant Miles and the Doe Defendants are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity.[16] *See* Pl.'s Objs. at pp. 8–10. "The Eleventh Amendment immunizes states from suits seeking money damages. This immunity also applies to judgments against a public servant in his official capacity. This is so because such suits against state officers generally represent only another way of pleading an action against an entity of which an officer is an agent." *Adams v. Ferguson*, 884 F.3d 219, __ (4th Cir. 2018) (internal citations, quotation marks, and alteration omitted). In the R & R, the Magistrate Judge thoroughly and correctly explains Defendant Miles and the Doe Defendants, as deputy sheriffs, are state—not county—officials entitled to Eleventh Amendment immunity and therefore are not liable in their official capacity under § 1983. *See* R & R at pp. 17–20.

Plaintiff also asserts the R & R cites the wrong statute from the South Carolina Code regarding breach of peace referenced in his complaint, S.C. Code Ann. § 22–5–**140**. *See* Pl.'s Objs. at p. 10; Sec. Am. Compl. at ¶ 78. Although the Magistrate Judge incorrectly cites S.C. Code Ann. § 22–5–**150** on page 7 of the R & R, she correctly cites S.C. Code Ann. § 22–5–**140** on page 21 of the R & R; the citation to § 22–5–150 is simply a typographical error. *Compare* R & R at p. 7, *with id.* at p. 21. In any

---

[15] To reiterate, Plaintiff's excessive force claim relates to his handcuffing, not to whether probable cause existed for his arrest or whether he was detained for an unreasonable length of time.

[16] Plaintiff does not specifically object to the dismissal of Marion County, and the Court discerns no clear error in the Magistrate Judge's recommendation to dismiss Marion County. *See Diamond*, 416 F.3d at 315.

event, this very minor typographical error makes no difference because as explained above, the Court lacks subject matter jurisdiction over Plaintiff's state law claims based on the *Rooker-Feldman* doctrine and is modifying the R & R to reflect this lack of jurisdiction.

Finally, Plaintiff contends the Magistrate Judge "erred by recommending dismissal of all of Plaintiff['s] Federal Causes of Action." Pl.'s Objs. at p. 10. However, the Magistrate Judge did *not* recommend dismissal of all federal claims but instead recommended that the Court *not* dismiss Plaintiff's § 1983 excessive force claim.[17]

### C. Summary

The Court will grant in part and deny in part the Remaining Defendants' motion to dismiss. Specifically, the Court will dismiss Defendant Marion County and Plaintiff's state law claims, but will not dismiss Defendant Miles, the Doe Defendants, and Plaintiff's § 1983 excessive force claim.

### Conclusion

For the foregoing reasons, the Court adopts the Magistrate Judge's R & R [ECF No. 95] *except as modified with regard to Plaintiff's state law claims*. Accordingly, the Court **GRANTS** Defendant Herring's motion to dismiss [ECF No. 45] and **DISMISSES** Defendant Herring from this case *without prejudice*. The Court **GRANTS IN PART AND DENIES IN PART** the Remaining Defendants' motion to dismiss [ECF No. 36] and **DISMISSES** *without prejudice* Defendant Marion County and

---

[17] In his objections, Plaintiff requests to amend his complaint (which he has already amended twice) "to add necessary parties . . . and amend any deficiencies" to "cure any defect this [C]ourt may find." Pl.'s Objs. at pp. 10–11. However, Plaintiff has not filed a motion to amend his complaint, and he has not submitted a proposed third amended complaint with his request. Accordingly, the Court denies Plaintiff's request at this time. *See Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) ("Regardless of the merits of the desired amendment, a district court does not abuse its discretion 'by declining to grant a motion that was never properly made.'" (quoting *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630–631 (4th Cir. 2008)); *Cozzarelli*, 549 F.3d at 630–31 (finding no abuse of discretion where the plaintiffs requested leave to amend in a response but did not file a motion to amend or a proposed amended complaint). The Court notes that once answers are filed and the Magistrate Judge enters a scheduling order, Plaintiff will have an opportunity and a deadline for filing a motion to amend.

Plaintiff's state law claims.  To clarify, Plaintiff's only remaining claim at this time is a § 1983 claim for excessive force and the only remaining Defendants are Darren Miles, John Doe 1–18, and Jane Doe 1–2.

**IT IS SO ORDERED.**

Florence, South Carolina                                                    s/ R. Bryan Harwell
March 27, 2018                                                               R. Bryan Harwell
                                                                                                          United States District Judge