UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Arnold Parson, Jr., | ) | Civil Action No.: 4:17-cv-00708-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Darren Miles, John Doe 1–18, | ) | |
| and Jane Doe 1–2, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Arnold Parson, Jr., proceeding pro se, has filed this action pursuant to 42 U.S.C. § 1983. The matter is before the Court for consideration of the parties' objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends (1) granting in part and denying in part Plaintiff's motion to amend his complaint and (2) dismissing Defendants' motion for summary judgment without prejudice as moot. *See* ECF Nos. 148, 152, & 153.

## Legal Standard

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error

in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[1]

As explained in the Court's prior order ruling on Defendants' motions to dismiss, Plaintiff filed this § 1983 action in this federal Court effectively seeking to challenge a state foreclosure judgment and the manner in which it was executed by Marion County law enforcement. *See* ECF No. 114. The Court determined the *Rooker-Feldman*[2] doctrine barred all of Plaintiff's claims except his § 1983 excessive force claim (relating to his handcuffing during his arrest) alleged in his Second Amended Complaint. *See id.* Thereafter, the Magistrate Judge entered a scheduling order, and Plaintiff filed a timely motion to amend his complaint and a proposed Third Amended Complaint. *See* ECF Nos. 119 & 124.

---

[1] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards. The underlying facts of this litigation are fully set forth in the Court's prior orders and the Magistrate Judge's R & Rs.

[2] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). "The *Rooker-Feldman* doctrine followed from Congress' careful assignment of federal subject matter jurisdiction, allocating *original* jurisdiction to the district courts in, for example, 28 U.S.C. § 1330(a) (actions against foreign states), § 1331 (federal question jurisdiction), and § 1332(a) (diversity jurisdiction), while allocating *appellate* jurisdiction over final state court judgments to the Supreme Court in § 1257(a)." *Thana v. Bd. of License Comm'rs for Charles Cty., Md.*, 827 F.3d 314, 318–19 (4th Cir. 2016).
  The *Rooker-Feldman* doctrine is "jurisdictional," *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003), and it precludes "'lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments.'" *Thana*, 827 F.3d at 319 (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). The doctrine is "narrow and focused," *id.*, and "confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lance*, 546 U.S. at 464 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "Thus, if a plaintiff in federal court does not seek review of the state court judgment itself but instead 'presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court.'" *Thana*, 827 F.3d at 320 (internal quotation marks omitted).

2

Defendants filed responses in opposition to Plaintiff's motion to amend, as well as a motion for summary judgment. *See* ECF Nos. 127, 132, & 133. The Magistrate Judge has entered a thorough R & R that summarizes the allegations in Plaintiff's proposed Third Amended Complaint and recommends granting in part and denying in part Plaintiff's motion to amend (and dismissing the pending motion for summary judgment without prejudice as moot). *See* R & R [ECF No. 148]. Plaintiff and Defendants have filed objections to the R & R. *See* ECF Nos. 152 & 153. Plaintiff has filed a reply to Defendants' objections. *See* ECF No. 156.

I.    **Plaintiff's Objections**

Plaintiff objects to the Magistrate Judge's proposed finding that amendment is futile as to all claims except his § 1983 excessive force claim relating to his alleged handcuffing. *See* ECF No. 153 at pp. 1–5. However, the Court agrees with the Magistrate Judge's thorough analysis and conclusion that the *Rooker-Feldman* doctrine bars Plaintiff's proposed additional claims alleged in his Third Amended Complaint.[3] *See* R & R at pp. 8–16. Yet again, Plaintiff effectively asks the Court to nullify the state court foreclosure judgment by allowing him to proceed on various constitutional claims attacking the manner in which law enforcement executed the writ of assistance on his residence in Mullins, South Carolina. The *Rooker-Feldman* doctrine prohibits such federal action, and subject matter jurisdiction is lacking for all of Plaintiff's claims except his § 1983 excessive force claim (an independent claim that does not call into question the validity of the state court foreclosure judgment or writ of assistance, *see Thana*, 827 F.3d at 320–22). Amendment as to all other claims besides

---

[3]     Plaintiff appears to confuse the *Rooker-Feldman* doctrine with the principles of *res judicata* and the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994). *See, e.g.*, ECF Nos. 153 at pp. 1, 4. Neither *res judicata* nor *Heck* is at issue at this time.

3

Plaintiff's § 1983 excessive force claim is futile.[4] *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) ("[A] district court may deny leave to amend when . . . the amendment would be futile." (internal quotation marks omitted)).

Plaintiff also objects to the Magistrate Judge's recommendation concerning two additional proposed defendants—namely, Sheriff Mark Richardson and the Marion County Sheriff's Office ("MCSO"). However, as correctly explained in the R & R, the MCSO is not amenable to suit because (1) it is not a "person" within the meaning of 42 U.S.C. § 1983 and (2) the Eleventh Amendment bars claims against the MCSO (a state agency). *See* R & R at p. 17; *see, e.g.*, *Workman v. Metro PCS*, No. 6:17-cv-01208-RBH-KFM, 2018 WL 3434305, at *2 (D.S.C. July 17, 2018) (summarily dismissing the Greenville County Sheriff's Office for similar reasons). Similarly, the Eleventh Amendment bars suit against Sheriff Richardson in his official capacity. *See Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 278 (4th Cir. 2016) ("The Eleventh Amendment bars suit against state officials in their official capacity for damages under 42 U.S.C. § 1983."); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (recognizing South Carolina sheriffs are arms of the state and entitled to Eleventh Amendment immunity). Regarding any individual capacity claim, Plaintiff has not alleged Sheriff Richardson was personally involved in the alleged excessive force, and he has not sufficiently alleged a § 1983 supervisory liability claim. *See* R & R at pp. 17–19. Accordingly, the Magistrate Judge properly recommended denying leave to amend as to these two proposed defendants.

## II. Defendants' Objections

---

[4] The Court also agrees with the Magistrate Judge that, pursuant to the law-of-the-case doctrine, the Court is not reconsidering the applicability of the *Rooker-Feldman* doctrine. *See* R & R at pp. 8–10; *see generally Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) ("The law-of-the-case doctrine provides that in the interest of finality, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (internal quotation marks omitted)).

The arguments in Defendants' objections primarily relate to qualified immunity.[5] *See* ECF No. 152. However, the issue of qualified immunity is not yet ripe for consideration. Rather, at this time, the Court is merely granting Plaintiff leave to amend his complaint, and Defendants will have the opportunity to raise the affirmative defense of qualified immunity in their answer to Plaintiff's Third Amended Complaint and in any motion to dismiss or for summary judgment. At this stage in the litigation, the Court has simply determined that Plaintiff's § 1983 excessive force claim (based on the manner of his handcuffing) is not barred by the *Rooker-Feldman* doctrine. Defendants ultimately may be entitled to qualified immunity on this claim, but that matter is premature at the amendment stage.[6] In sum, the Court is not reaching the issue of qualified immunity at this time.

## Conclusion

For the foregoing reasons, the Court **OVERRULES** the parties' objections, **ADOPTS** the R & R [ECF No. 148], **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to amend his complaint [ECF No. 124], and **DISMISSES AS MOOT AND WITHOUT PREJUDICE** Defendants' motion for summary judgment [ECF No. 133]. The Court **DIRECTS** the Clerk to docket Plaintiff's Third Amended Complaint [ECF No. 124-1] as the operative pleading.

To clarify, only the handcuffing-related portion of Plaintiff's § 1983 excessive force claim is proceeding, and only as to Defendant Darren Miles and proposed/new Defendants Supervisor Judy Barker, Officer Jack McCaskill, Officer Mitchell McCaskill, Officer Charlie Watson, Officer Dewayne

---

[5] Defendants also assert "the Fourth Circuit does not recognize an excessive force claim based on the manner of handcuffing." ECF No. 152 at p. 1. In support of this assertion, Defendants cite *Deavers v. Vasquez*, 57 F. Supp. 3d 599, 607 (E.D. Va. 2014), and *Cunningham v. Ruffin*, 2016 WL 6396015, at *1 (E.D. Va. Oct. 26, 2016)). However, these cases deal with the affirmative defense of qualified immunity defense at the summary judgment stage.

[6] Technically, Defendants have not yet even pleaded qualified immunity because they have not answered Plaintiff's Third Amended Complaint (which is being docketed in conjunction with this Order).

Rogers, Officer Jeff Gause, Officer Samantha Jackson, Officer Johnathan Edwards, Officer Robert Page, Officer Michael Latu, Office Dale Sylvester, Officer Tracey Causey, and Officer Greg Pike.[7]

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
October 17, 2018  R. Bryan Harwell
United States District Judge

---

[7] As noted in the R & R, the Magistrate Judge will provide further instruction regarding service of and response to Plaintiff's proposed Third Amended Complaint. *See* R & R at p. 23.