UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Arnold Parson Jr., | ) | Civil Action No.: 4:17-cv-00708-RBH-KDW |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Darren Miles, Supervisor Judy Barker, Officer Jack McCaskill, Officer Mitchell McCaskill, Officer Charlie Watson, Officer Dewayne Rogers, Officer Jeff Gause, Officer Samantha Jackson, Officer Johnathan Edwards, Officer Robert Page, Officer Michael Latu, Officer Dale Sylvester, Officer Tracey Causey, and Officer Greg Pike, | ) | |
| Defendants. | ) | |

Plaintiff Arnold Parson Jr., proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against the above-captioned Defendants. The matter is before the Court for consideration of the parties' objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends granting in part and denying in part Defendants' motion to dismiss Plaintiff's Third Amended Complaint.[1]  *See* ECF No. 189.

## **Legal Standard**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**

Plaintiff filed this § 1983 action alleging Defendants violated his constitutional rights when executing a writ of assistance and removing him from his foreclosed property in Mullins, South Carolina, on November 2, 2015. The Court previously granted in part and denied in part Plaintiff's motion to amend and permitting the filing of his Third Amended Complaint. *See* ECF No. 159 (order); ECF No. 161 (Third Am. Compl.). As explained in that prior order (ECF No. 159), Plaintiff's sole remaining claim is his § 1983 excessive force claim relating to his allegedly excessively tight handcuffing during his arrest.[2]

---

[2] The Court concluded the *Rooker-Feldman* doctrine barred Plaintiff's other claims. *See* ECF Nos. 114 & 159.

2

Defendants have now filed a motion to dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6).[3] *See* ECF No. 166. The Magistrate Judge recommends granting the motion as to Plaintiff's official capacity claims and denying it as to his individual capacity claims. *See* R & R [ECF No. 189]. Plaintiff and Defendants have both filed objections to the R & R. *See* ECF Nos. 192 & 194. Plaintiff has filed a response to Defendants' objections. *See* ECF No. 196.

I. **Plaintiff's Objections**

Plaintiff objects to the Magistrate Judge's conclusion that Defendants are entitled to Eleventh Amendment immunity as to the official capacity claims.[4] *See* Pl.'s Objs. [ECF No. 194]; R & R at pp. 3–4.

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983," *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), as "Eleventh Amendment[5] immunity protects the States, their agencies, and officials from suit *in federal court*." *Allen v. Cooper*, 895 F.3d 337, 347 (4th Cir. 2018). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).[6]

---

[3] Defendants also moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(4) and (5), but as the Magistrate Judge notes, they subsequently filed a notice waiving formal service of process. *See* R & R at p. 1 n.1 (citing ECF No. 174). The Magistrate Judge analyzes Defendants' motion under Rule 12(b)(6). *See* R & R at p. 3.

[4] Although the Magistrate Judge analyzed Eleventh Amendment immunity under Rule 12(b)**(6)**, the Fourth Circuit recently indicated the Eleventh Amendment implicates subject matter jurisdiction and should be analyzed under Rule 12(b)**(1)**. *See Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 746 (4th Cir. 2018); *see also Darling v. Falls*, 236 F. Supp. 3d 914, 925 n.11 (M.D.N.C. 2017) ("In the Fourth Circuit, . . . the recent trend appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)." (internal quotation marks omitted)).

[5] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

[6] The Eleventh Amendment does not bar *prospective* injunctive or declaratory relief. *See Wicomico*, 910 F.3d at 748 (citing *Ex parte Young*, 209 U.S. 123 (1908)). However, Plaintiff's complaint does not seek any injunctive relief, does not seek *prospective* declaratory relief, and does not allege an *ongoing* violation of federal law. *See generally Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) ("In determining whether

3

Here, the Eleventh Amendment bars Plaintiff's claims for declaratory relief and monetary damages against Defendants in their official capacities because they are state officials, i.e., agents/employees of the Marion County Sheriff's Department. *See generally Gulledge v. Smart*, 878 F.2d 379, 1989 WL 69302, at *2 (4th Cir. 1989) ("In South Carolina a sheriff, and his deputies, are state actors. A suit against them in federal court in their official capacities is therefore barred by the [E]leventh [A]mendment." (internal citation omitted)); *Brown v. Middleton*, 362 F. App'x 340, 346 n.8 (4th Cir. 2010) (same); *Edwards v. Lexington Cty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ("[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."). The Court will overrule Plaintiff's objections and dismiss his official capacity claims without prejudice.[7]

## II. Defendants' Objections

Defendants object to the Magistrate Judge's conclusion that they are not entitled to qualified immunity as to Plaintiff's individual capacity claims. *See* Defs.' Objs. [ECF No. 192]; R & R at pp. 4–5. Defendants assert the Magistrate Judge failed to consider two cases from the Eastern District of Virginia[8] that—according to Defendants—"undeniably" hold "Plaintiff's alleged right to be free from

---

the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (alteration in original) (internal quotation marks omitted)).

[7]   "The Fourth Circuit considers the Eleventh Amendment to be jurisdictional with respect to dismissals[,] and . . . district courts in this Circuit should dismiss on Eleventh Amendment grounds without prejudice." *Andrews v. Taylor*, 2018 WL 2108022, at *6 (E.D. Va. May 7, 2018); *see also Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) ("Eleventh Amendment immunity has attributes of both subject-matter jurisdiction and personal jurisdiction."); *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (alteration in original) (citation omitted)).

[8]   Those two cases are *Deavers v. Vasquez*, 57 F. Supp. 3d 599 (E.D. Va. 2014), and *Cunningham v. Ruffin*, 2016 WL 6396015 (E.D. Va. Oct. 26, 2016). *See* Defs.' Objs. at pp. 2–3.

4

excessively tight or forceful handcuffing was not clearly established at the time of the incident." Defs.' Objs. at pp. 1–2.

"The doctrine of qualified immunity shields government officials from liability for civil damages when their conduct does not violate clearly established constitutional or other rights that a reasonable officer would have known." *Sims v. Labowitz*, 885 F.3d 254, 260 (4th Cir. 2018) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "The burden of proving the affirmative defense of qualified immunity rests on the party seeking to invoke it." *Wilson v. Prince George's Cty.*, 893 F.3d 213, 219 (4th Cir. 2018). A qualified immunity analysis is a two-prong inquiry, *Pearson*, 555 U.S. at 232, and "[t]o avoid dismissal of a complaint after a qualified immunity defense is raised, **[1]** a plaintiff must allege sufficient facts to set forth a violation of a constitutional right, and **[2]** the court must conclude that this right was clearly established at the time of the alleged violation." *Sims*, 885 F.3d at 260.

Regarding the *first* prong of the qualified immunity analysis, the Magistrate Judge concludes, "Plaintiff has plausibly alleged sufficient facts to establish that his constitutional rights were violated based on the way Defendants handcuffed him." R & R at p. 5; *see also id.* at p. 2 (summarizing Plaintiff's handcuffing-related allegations). Defendants do not specifically object to this conclusion. Instead, Defendants' objections concern the *second* prong of the qualified immunity analysis—whether their alleged "conduct violated a constitutional right that was clearly established at the time the conduct occurred." *Wilson*, 893 F.3d at 221; *see* Defs.' Objs. at pp. 1–3.

"A right is 'clearly established' if it would be clear to a reasonable officer that the alleged conduct is unlawful." *Id.* A court determines whether a right was clearly established by "first look[ing] to cases from the Supreme Court, this Court of Appeals, ***or the highest court of the state in which the action arose***." *Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 98 (4th Cir. 2017) (emphasis

added); *see, e.g.*, *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017) ("[T]he first step is to consider cases of controlling authority in this jurisdiction. We thus start with Supreme Court, Fourth Circuit, **and Supreme Court of South Carolina decisions** that have addressed the asserted right." (emphasis added)).[9]

Although the United States Supreme Court and Fourth Circuit do not appear to have squarely addressed this issue, the South Carolina Supreme Court clearly established in a 1998 decision that an arrestee has the right to be free from excessively tight or forceful handcuffing. *See Quesinberry v. Rouppasong*, 503 S.E.2d 717 (S.C. 1998). In *Quesinberry*, an arrestee "complained to [the officer] about her handcuffs" while she was "[i]nside the patrol car . . . being transported to jail" by stating:

> "I think these handcuffs must be too tight. I can't feel my wrists." I said, "I can't feel my hands at all. Could you check them?" and he [the officer] didn't respond, and I said several more times driving to the jail, "Something's wrong with my hands. I can't, I can't feel my hands."
>
> After her release from jail, Lewis [the arrestee] went to the hospital emergency room where bandages were applied to her arms. She consulted an orthopedic surgeon a month later who diagnosed her with mild carpal tunnel syndrome in both wrists. She ultimately underwent cortisone injections and orthopedic surgery on her wrists.

*Id.* at 718–19 (ellipsis omitted). Analyzing the plaintiff's/arrestee's excessive force claim under *Graham v. Connor*, 490 U.S. 386 (1989), the S.C. Supreme Court concluded she "presented sufficient evidence of excessive force to survive a directed verdict motion":

> Petitioner Lewis . . . was the first person involved with the officers. She obeyed Officer Rouppasong's command to return to the sidewalk after she initially approached the traffic stop. She was doing

---

[9] "In the absence of directly on-point, binding authority, courts may also consider whether the right was clearly established based on general constitutional principles or a consensus of persuasive authority." *Thompson*, 878 F.3d at 98 (internal quotation marks omitted). Also, as the Magistrate Judge notes, "defendants can violate clearly established law even under novel factual circumstances." *Williams v. Strickland*, 917 F.3d 763, 770 (4th Cir. 2019) (internal quotation marks omitted).

> nothing more than standing on the sidewalk, across the highway from the officers, when she was grabbed. At the time of her arrest, there were no other people around. Furthermore, once she was in the patrol car she repeatedly complained about her wrists and received no response whatsoever from Officer Rouppasong.
>
> The crimes Lewis was charged with were not severe, and she did not pose an immediate safety threat to the officers or others. Furthermore, at the time these injuries were inflicted, particularly those caused by the handcuffs, she was not actively resisting arrest but was sitting in a patrol car, in police custody.

*Id.* at 721. Significantly, the S.C. Supreme Court cited with approval a published Ninth Circuit decision *that had denied qualified immunity on a similar handcuffing claim. Id.* (citing *Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993), in which the plaintiff claimed a police officer "used excessive force in arresting him when [the officer] placed him in handcuffs tight enough to cause pain and discoloration to his wrists, and . . . the officer refused his request to loosen them" (internal quotation marks and original brackets omitted)); *see also McCall v. Williams*, 52 F. Supp. 2d 611, 621 & 622 n.15 (D.S.C. 1999) (acknowledging *Quesinberry*'s reliance on *Palmer* and implicitly recognizing *Quesinberry* "'clearly established'" "the right to be free from the use of excessive force by law enforcement officers in tightly handcuffing a suspect"); *Gonzalez v. City of New York*, 2000 WL 516682, at *5 (E.D.N.Y. Mar. 7, 2000) (citing *Quesinberry* and *Palmer* to deny qualified immunity); *Stutzman v. Krenik*, 350 F. Supp. 3d 366, 382 (D. Md. 2018) (citing *Palmer* as recognizing "courts have held that handcuffing in an excessively tight manner so as to cause injury can constitute excessive force").

Based on *Quesinberry*, a published 1998 decision by South Carolina's highest court, the Court concludes Plaintiff's right to be free from excessively tight or forceful handcuffing was clearly

7

established at the time of the alleged violation in November 2015.[10]  Accordingly, the Court will overrule Defendants' objections and deny their motion as to Plaintiff's individual capacity claims.

### Conclusion

For the foregoing reasons, the Court **OVERRULES** the parties' objections, **ADOPTS** the R & R [ECF No. 189] *as modified herein*, **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss [ECF No. 166], and **DISMISSES** Plaintiff's official capacity claims *without prejudice*.  Plaintiff's individual capacity claims will proceed at this time.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
June 21, 2019  R. Bryan Harwell
  United States District Judge

---

[10] Additionally, the Court notes the two Eastern District of Virginia cases on which Defendants rely—*Deavers* and *Cunningham*—dealt with "unduly tight or forceful handcuffing alone, ***absent significant physical injury***." *Deavers*, 57 F. Supp. 3d at 609 (emphasis added); *see Cunningham*, 2016 WL 6396015, at *5 ("*Deavers*, and the cases it cites, share the holding that a lack of evidence of significant physical harm undermines a claim for excessive force based on the manner of cuffing."). The Court questions the "significant physical injury" requirement of these cases because, in the Fourth Amendment context, "the severity of injury resulting from the force used has always been but one 'consideration in determining whether force was excessive.'" *Smith v. Murphy*, 634 F. App'x 914, 917 (4th Cir. 2015) (quoting *Jones v. Buchanan*, 325 F.3d 520, 530 (4th Cir. 2003)). Moreover, another judge in the Eastern District of Virginia has contrarily ruled, "A survey of excessive force case law reveals that other appellate courts have determined that unduly tight handcuffing constitutes excessive force. Although these cases do not constitute binding precedent, the Court finds the appellate court consensus significant enough to show a clearly established right." *Geba v. Norris*, 2016 WL 8730898, at *7 (E.D. Va. Apr. 4, 2016) (internal citations omitted), *R & R adopted by* 2:14-cv-00612-RBS, at ECF No. 42 (E.D. Va. May 13, 2016). Plaintiff cites *Geba* in his response to Defendants' objections. *See* ECF No. 196 at p. 3. In any event, as explained above, the S.C. Supreme Court's 1998 decision in *Quesinberry* clearly established the law applicable to Plaintiff's handcuffing-related excessive force claim.