UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Arnold Parson, Jr., | ) | Civil Action No.: 4:17-cv-00708-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Officer Jack McCaskill, | ) | |
| Officer Jonathan Edwards, | ) | |
| Officer Dale Sylvester, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the parties' cross motions to compel enforcement of the parties' settlement agreement. [ECF Nos. 235 & 236].

On March 15, 2017, Plaintiff, Arnold Parson Jr., proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging, among other claims, that he was handcuffed in an excessively tight manner. Plaintiff originally brought his claims against twenty-four individual officers and the County of Marion, South Carolina. However, the Court ultimately dismissed Plaintiff's claims against all defendants except for Officer Jack McCaskill, Officer Jonathan Edwards, and Officer Dale Sylvester. *See* [ECF Nos 221, 197, 114, 39].

On February 3, 2020, Plaintiff and the remaining defendants (McCaskill, Edwards, and Sylvester) mediated the case and signed a settlement agreement. *See* [ECF Nos. 235-1, 236-2]. On February 4, 2020, having been advised the case had settled, the Court entered a *Rubin* Order dismissing the case *without prejudice* to the right of either party, upon good cause shown within sixty days, to reinstate the action if settlement was not consummated. *See* [ECF No. 230]. On February 5, 2020, the parties filed a **Stipulation of Dismissal *with prejudice*** under Rule 41(a)(1)(ii)

of the Federal Rules of Civil Procedure. [ECF No. 233].

Both parties have filed cross-motions to compel enforcement of the settlement.[1] On March 2, 2020, Defendants McCaskill, Edwards, and Sylvester filed a motion to compel enforcement of the parties' settlement agreement claiming that Plaintiff refused to sign the General Release prepared by defense counsel. On March 12, 2020, Plaintiff filed his own motion to compel enforcement of the parties' settlement agreement claiming that Defendants refused to accept Plaintiff's proposed General Release. While both the Defendants' motion and Plaintiff's motion are filed within the 60 days referenced in the *Rubin* Order, they were filed *after* a Stipulation of Dismissal with prejudice was filed with the Court.

A district court does not have the authority to enforce a settlement agreement unless the agreement has been approved and incorporated into an order of the court or, at the time the court is requested to enforce the agreement, there exists some independent ground upon which to base federal jurisdiction. *Fairfax Countywide Citizens Ass'n v. Cnty. of Fairfax, Virginia,* 571 F.2d 1299, 1303 (4th Cir. 1978). Enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit; enforcement of a settlement agreement requires its own basis for jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994).

Here, the settlement agreement was not approved and incorporated into an order of the court and there is no independent basis for federal jurisdiction. The case was dismissed with prejudice pursuant to a Stipulation of Dismissal filed under Rule 41(a)(1)(ii) of the Federal Rules of Civil

---

[1] Generally, the Defendants argue that the parties agreed to dismiss *this action* with prejudice, while Plaintiff contends the settlement only applied to the existing claims and parties, and not those claims or parties this Court had previously dismissed without prejudice. The mediation settlement agreement also states the settlement is in full and final settlement of the *above captioned action*. The defendants listed in the referenced caption are listed as *Jack McCaskill, et al.* on the mediation agreement.

Procedure.  Neither Rule 41(a)(1)(ii) nor any provision of law provides for jurisdiction of the court over disputes arising out of agreements that produce a Rule 41(a)(1)(ii) stipulation of dismissal. *Kokkonen*, 511 U.S. at 378.  There must be an independent basis for federal jurisdiction. *Id*.

In conclusion, this court does not have jurisdiction to enforce the parties' settlement agreement because the settlement agreement was not approved and incorporated into an order of the court and there is no independent basis upon which to base federal jurisdiction.  Accordingly, enforcement of the settlement agreement or any contractual obligation regarding it in this case is a matter for the state court. *See Kokkonen*, 511 U.S. at 382.  This Court no longer has jurisdiction.

For those reasons, the parties' cross motions to compel enforcement of the parties' settlement agreement [ECF Nos. 235 & 236] are **DISMISSED** for lack of jurisdiction.

IT IS SO ORDERED.

May 7, 2020                                                         s/ R. Bryan Harwell
Florence, South Carolina                                    R. Bryan Harwell
                                                                           Chief United States District Judge